```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SEAN G. FELDER,                                              :
                                                             :           ORDER TO AMEND
                    Plaintiff,                               :
                                                             :           12 Civ. 7486 (LAP)
     -against-                                               :
                                                             :
CONTEMPORARY SECURITY SERVICES,                              :
                                                             :
                    Defendant.                               :
                                                             :
-------------------------------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that his former employer discriminated against him on the basis of his color, retaliated against him, and failed to pay him minimum wage and compensation owed to him. By Order dated November 7, 2012, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court directs Plaintiff to submit an amended complaint within sixty days of the date of this Order.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff sues his former employer, alleging that it violated Title VII by discriminating against him on the basis of his color, which he does not specify. (Compl. at 2-3.) He also alleges that Defendant retaliated against him in violation of Title VII. (*Id.* at 3.) Plaintiff states:

> I am owed lost wages, backpay from CSC Security. I worked seasonal security 8 yrs at US Open Tennis without any incidents. CSC VP Scott Dennison denied me work 8/3/10, berating me and created a hostile working environment, slave labor at $750 million dollar revenue, high profile sporting event! I have witnesses and seek damages. CSC made false allegations against my integrity and character.

(*Id.* at 3.) He also attaches to the complaint a newspaper article discussing the difficult conditions of security workers at the U.S. Open, including "ridiculous hours in intense heat" for "comparatively low money." (*Id.* at attached article.) Plaintiff hand-circled the part of the article in which he is featured:

> Former CSC supervisor Sean Felder, a veteran security professional from Harlem who has worked at many of the city's top venues, has filed a complaint with the New York state inspector general's office over what he alleges are unfair labor practices and racial discrimination. He claims that CSC denied him work to retaliate against him for complaining to the United States Tennis Association, which oversees the event.
> Before he was let go, Felder had worked at the U.S. Open for eight years. 'Guards didn't get paid for hours they worked, they worked 16 hours without a break, there was favoritism,' says Felder, who has escorted numerous athletes and entertainers during his career and works regularly at other high-profile venues.
> 'Mr. Felder has a history of writing numerous complaints, and ultimately his complaints were dismissed,' said CSC general counsel Jim Service.

(*Id.*) Plaintiff also circled parts of the article quoting another employee whose supervisor allegedly called him a "'nigger,'" as well as another employee who stated that "'White employees got better assignments than black employees'" and stated that employees often worked 16-hour days without overtime pay. (*Id.*)

Plaintiff seeks "$1 million in damages based on emotion distress, loss of income. CSC Security owes me backpay . . . ." (*Id.* at 4.)

After filing his complaint, Plaintiff submitted two letters to the Court. In the first, he states, "If and when CSC Security decides to settle out of court, I want the judge to see both parties and representatives of CSC show documents that they will pay me for the damages, lost

2

wages and backpay owed to me." (Letter, received Oct. 18, 2012, from S. Felder.) In his second letter, Plaintiff states that the National Labor Relations Board ("NLRB" or "Board") "is investigating CSC Security violating labor laws hiring unlicensed guards at the US Open Tennis . . . and could face severe charges . . . ." (Letter, received Nov. 14, 2012, from S. Felder.) He attaches a letter from the NLRB, dated October 31, 2012, stating that it "appears from the facts set forth in" Plaintiff's letter to the NLRB that the hiring of unlicensed security guards "come[s] under the Board's jurisdiction[,]" and advising Plaintiff to contact the NLRB's regional office if he wished to initiate an NLRB investigation. (*Id.*)

## DISCUSSION

A.  Rule 8 Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." In a recent clarification of Rule 8's pleading standard, the United States Supreme Court held that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). This plausibility standard applies to all civil actions. *Id.* at 684.

B.  Title VII

With respect to pleadings in employment discrimination cases, under the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-13 (2002), a plaintiff need not allege specific facts establishing a *prima facie* case of discrimination under the standard set

3

forth in *McDonnell Douglas v. Green*, 411 U.S 792 (1973).[1]  Rather, "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511; *see also Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) (applying *Swierkiewicz* to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591-92 (2d Cir. 2006) (applying *Swierkiewicz* to discrimination claims under Title VII).  An employment discrimination action containing "a short and plain statement of the claim showing that the pleader is entitled to relief," thereby giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," is sufficient to satisfy the requirements of Rule 8.  *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 569-70; *Boykin v. Keycorp*, 521 F.3d, 202, 213 (2d Cir. 2008).

    Plaintiff's allegations are insufficient to state a plausible claim of discrimination and retaliation under Title VII.  Although Plaintiff alleges that Defendant discriminated against him on the basis of his color, he does not specify what his color is or how Defendant discriminated against him on that basis.  He also does not allege what Title-VII-protected activity he engaged in and how Defendant retaliated against him because of that activity.  Although Plaintiff submits an article discussing *other* former employees' experience of alleged race discrimination, Plaintiff does not describe any race or color discrimination that he personally experienced.  In light of his *pro se* status, the court will allow him to amend his complaint.  If there are any facts that would show that Defendant discriminated against Plaintiff because of his color and retaliated against him in violation of Title VII, Plaintiff should describe those facts in an amended complaint.

---

[1] Under *McDonnell Douglas*, a *prima facie* case of discrimination requires a showing of: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir. 2000); *see also Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (prima facie case of retaliation requires showing of: (1) engagement in protected activity; (2) employer's awareness of that activity; (3) adverse employment action; and (4) a causal connection between the protected activity and the adverse action); 42 U.S.C. § 2000e-3(a) (employee engages in protected activity when he or she "oppose[s] any practice made an unlawful employment practice by [Title VII], or . . . [makes] a charge, testifie[s], assist[s], or participate[s] . . . in an investigation, proceeding, or hearing under [Title VII].") .

C.      Fair Labor Standards Act

The Court construes Plaintiff's allegations that Defendant failed to pay him the minimum wage and overtime pay as a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the legally mandated minimum regular wage) for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). Under the Act, an employer must "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c). An employee bringing an action for unpaid overtime compensation under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66-67 (2d Cir. 1997) (citations omitted). If an employer fails to keep the required records, the plaintiff may meet this burden "'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Id.* A plaintiff may do so solely through his or her own recollection. *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y.2005).

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for " 'a cause of action arising out of a willful violation.'" *Herman v. RSR Sec. Servs. Ltd*, 172 F.3d 132, 141 (2d Cir. 1999) (quoting 29 U.S.C. § 255(a)). "The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). The employee bears the burden of proving willfulness, which requires a factual showing that the employer either "'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the

[FLSA].'" *Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004) (quoting *McLaughlin*, 486 U.S. at 133).

Here, Plaintiff does not allege specifically how or when Defendant failed to pay him minimum wage or overtime pay. However, in light of his *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege any facts that would support his FLSA claim.

B.     Leave to Amend

Plaintiff is granted leave to amend his complaint to detail his Title VII claims of discrimination and retaliation, as well as his FLSA claims, set forth above. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and to mail a copy of this Order to Plaintiff. Plaintiff is directed to file an amended complaint containing the information specified above. The amended complaint must be submitted to this Court's *Pro Se* Office within sixty days of the date of this Order, be captioned as an "AMENDED COMPLAINT," and bear the same docket number as this Order. An Amended Complaint for Employment Discrimination form, which Plaintiff should complete as specified above, is attached to this Order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief United States District Judge

Dated: December 26, 2012
       New York, New York

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B.  List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

              Employer _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    _____     Failure to hire me.

    _____     Termination of my employment.

    _____     Failure to promote me.

    _____     Failure to accommodate my disability.

    _____     Unequal terms and conditions of my employment.

    _____     Retaliation.

    _____ Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.     It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                                            *Date(s)*

C.     I believe that defendant(s) *(check one)*:

    _____     is still committing these acts against me.

    _____     is not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☐   race _____     ☐   color _____

    ☐   gender/sex _____     ☐   religion_____

    ☐   national origin _____

    ☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐   disability or perceived disability, _____ *(specify)*

E.     The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**     **Exhaustion of Federal Administrative Remedies**:

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.     The Equal Employment Opportunity Commission *(check one)*:

  _____ has not issued a Notice of Right to Sue letter.

  _____ issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> ***Note:*** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

  _____ 60 days or more have elapsed.

  _____ less than 60 days have elapsed.

## IV.  Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

      Signature of Plaintiff  _____

      Address  _____

        _____

        _____

        _____

      Telephone Number  _____

      Fax Number *(if you have one)* _____